UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**ALFRED CAPUANO, III**                                                                                      **PLAINTIFF**

**CIVIL ACTION NO. 5:24-CV-P39-JHM**

**OFC TYLER CRANE** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

When Plaintiff Alfred Capuano initiated this action, he was incarcerated as a pretrial detainee at Calloway County Jail. He sues Graves County, Kentucky, and Graves County Sheriff's Deputy Tyler Crane in both his official and individual capacities. In the complaint, Plaintiff makes a myriad of allegations and claims against Defendants. However, in a subsequent motion, which the Court construes as a motion for leave to file a superseding amended complaint, Plaintiff states that he only wants his claims for excessive force, deliberate indifference to his health and safety, cruel and unusual punishment, and assault and battery to proceed.[1] Upon consideration, **IT IS ORDERED** that this motion (DN 13) is **GRANTED** and the **Clerk of Court** is **DIRECTED** to **re-docket the motion as an amended complaint as of the date it was filed**.

The claims set forth above are based upon Plaintiff's allegations that Defendant Crane brutally beat him while attempting to arrest him on January 10, 2024, and that this beating resulted

---

[1] By prior Order, the Court also construed this motion as a response to the Court's Order that Plaintiff provide a status update regarding the criminal charges pending against him.

in such serious injury that he required immediate treatment at a hospital. To support his claims, Plaintiff relies upon the statements made by Defendant Crane in the Uniform Citation for resisting arrest which Plaintiff attached to the complaint (DN 1-2). Therein, Defendant Crane states:

> On 1/10/24 I was at the residence listed above in an attempt to locate [Plaintiff]. After receiving information that [he] was inside of the home, he was eventually located inside of the bathroom tub in the back of the home.
>
> When I observed [Plaintiff], he turned himself around and said "here" placing his hands where I could see them. When I grabbed [Plaintiff] by the wrist, he began to tense up and pull away from me. I grabbed ahold of [Plaintiff] with my other hand and when I did, [he] lost his footing in the wet bathtub because he did not have socks or shoes on.
>
> When [Plaintiff] lost his footing, he fell into the tub, taking me down with him. I maintained control of [Plaintiff']s wrist when we went to the floor of the tub. I asked [Plaintiff] to stop resisting multiple times while delivering strikes with a closed empty hand. [Plaintiff] kept his arms tucked in close to his body and continued to tense up while I was trying to get him to release them to me.
>
> Kentucky State Trooper Fleming came into the bathroom to assist me in effecting the arrest. Fleming and I got [Plaintiff] up and out of the tub, placing handcuffs on him. At this time, [additional officers] came inside of the home to assist. I backed out of the situation and allowed the other units to move Plaintiff to a patrol car.

(DN 1-2, Uniform Citation).

As stated above, as a result of this encounter, Plaintiff was charged with resisting arrest. *See id.* Plaintiff states that he pled guilty to this charge. *See* DN 13.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Graves County/Official-Capacity Claim against Defendant Crane

Plaintiff's official-capacity claim against Defendant Crane is actually redundant to his claims against Defendant Graves County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'")).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff alleges that the wrongful actions that Defendant Crane took were in violation of, and not caused by, the policies of Defendant Graves County.

Thus, Plaintiff's claims against Defendant Graves County and his official-capacity claim against Defendant Crane must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Fourth Amendment

The U.S. Constitution's Fourth Amendment protects citizens from unreasonable seizures, such as police use of excessive force during an arrest. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Police may use force that is not excessive, and therefore reasonable, to subdue a suspect who is resisting arrest. *See Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015). Here, Plaintiff alleges that the Uniform Citation shows that the force used by Defendant Crane to arrest him was excessive.[2] Plaintiff, however, also states that he pled guilty to the resisting-arrest charge underlying this claim. This guilty plea is fatal to Plaintiff's excessive-force claim.

Under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot assert a § 1983 claim if success on the claim would "necessarily imply the invalidity" of an underlying state criminal conviction, unless such conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Heck*, 512 U.S. at 486-87). In the excessive-force context, *Heck* bars a plaintiff's claim for excessive force when the plaintiff was convicted of resisting arrest and state law makes "excessive force . . . an affirmative defense" to that crime. *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010); *Coble v. City of White House*, 634 F.3d 865, 867 n.2 (6th Cir. 2011). In Kentucky, defendants charged with resisting arrest may raise excessive force as an affirmative defense. Ky. Rev. Stat. § 520.090 (Commentary); *see also Spurlin v. Kromer*, No. 4:21-cv-106-BJB, 2024 U.S. Dist. LEXIS 163476,

---

[2] He specifically alleges that the Uniform Citation shows that Defendant Crane brutally beat and assaulted him in a "wet bathtub" even though he was "cooperative." He further alleges that as a result of this "assault," he had to be transported to a medical center for "bleeding cuts & bruses & nots & lumps to my face, head, nose, & ear. . . ."

at \*5 (W.D. Ky. Sept. 11, 2024); *Burke v. Forbis*, No. 3:18-cv-802-DJH, 2021 U.S. Dist. LEXIS 110846, at \*7-9 (W.D. Ky. June 14, 2021) (collecting sources); *Northern-Allison v. Seymour*, No. 2022-CA-0379-MR, 2024 Ky. App. LEXIS 45, at \*20 (Ky. Ct. App. June 14, 2024) (identifying police "excessive force" as a "defense" to a Kentucky resisting-arrest charge). This means that success on Plaintiff's Fourth Amendment excessive-force claim would legitimize an affirmative defense on the resisting-arrest charge for which he was convicted and thus call into question the validity of the conviction. As such, Plaintiff's excessive-force claim is barred by *Heck* and must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Eighth Amendment

Plaintiff's Eighth Amendment claims of "cruel and unusual punishment" and "deliberate indifference to his health and safety" also fail to state a claim upon which relief may be granted. This is because the Eighth Amendment protects the rights of convicted prisoners serving their sentences. It is the Fourth Amendment's prohibition against unreasonable seizures, analyzed above, that applies to excessive-force claims brought in the context of an arrest. *See, e.g.*, *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir 2010).

### 3. State-Law Claims

Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims of assault and battery. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)  The state-law claims, therefore, will be dismissed without prejudice.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: January 15, 2025

*Joseph H. McKinley Jr.* signature

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Graves County Attorney
4414.011